IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BRODERICK MICHEAL GILES**                                          **PETITONER**

**V.**                                         **CIVIL ACTION NO. 3:22CV559 HTW-LGI**

**WARDEN WATSON**                                                     **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pre-trial detainee Broderick Miles filed the instant petition for writ of habeas corpus relief on September 27, 2022. Respondent moves to dismiss the petition for failure to state a claim upon which relief may be granted, or in the alternative, for failure to exhaust state court remedies. Upon review of the pleadings and applicable case law, the undersigned recommends that the petition be dismissed.

In order for a court to review the claims of a state pre-trial detainee under § 2241, two prerequisites must be met. The petitioner must first be "in custody" pursuant to 28 U.S.C. § 2241(c), and second, he must have exhausted his available state remedies. *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987).

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488–89 (1973). The right to seek federal habeas corpus relief under § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489. To the contrary, a pre-trial detainee is not permitted to derail "a pending state

court proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d at 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490). The Fifth Circuit has held that this distinction rests upon the type of relief requested by the petitioner: If the petitioner is attempting to dismiss the indictment or prevent the prosecution of his case, then he is seeking to abort the state proceedings. *Id.* at 1282. If he is attempting to force the state to go to trial, then he is merely seeking to force the state to fulfill its obligation to provide him with a prompt trial. *Id.* "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Id.* at 1283.

At the time of filing, Giles claimed that he had been in the Madison County Detention Center since July 6, 2022, "without going to court or receiving an [] affidavit or warrant." Giles, who had charges pending in both the Canton Municipal Court and the Madison County Circuit Court, requested that this Court dismiss all charges against him. Since the filing of the instant petition, the record reflects that Giles has now been indicted by a Madison County grand jury on four counts: attempted murder, attempted armed carjacking, shooting into an occupied vehicle, and felon in possession, with a scheduled arraignment date of April 3, 2023. Because there can be no dispute that the request to

have the charges against him dismissed would prevent the State from following through with its prosecution on the pending charges, Giles fails to state a claim upon which 28 U.S.C. § 2241 relief may be granted.

However, to the extent he seeks to raise a claim challenging a delay in being brought to trial, Giles does not assert, nor does the record reflect, "special circumstances" which would allow this Court to consider the merits of his claims before he has been tried. The constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement." *Dickerson*, 816 F.2d at 227. Giles must still overcome the hurdles of exhaustion before requesting federal relief. *Brown*, 530 F.2d at 1283.

For these reasons, the undersigned recommends that the instant petition be dismissed for failure to state a claim upon which habeas relief may be granted, and/or in the alternative, for failure to exhaust available state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections to the Report and Recommendation within 14 days after being served with a copy of this Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, , except upon grounds of plain error.  28 U.S.C. ' 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on May 31, 2023.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
